NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JEFFERZON ALEXANDER QUEVEDO-MOSCOSO and S. S. Q.S., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 25-2008 <br><br> Agency Nos. <br> A201-905-285 <br> A201-905-287 <br><br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2026**
Pasadena, California

Before: WARDLAW and DE ALBA, Circuit Judges, and BROWN, District Judge.***

Jefferzon Alexander Quevedo-Moscoso and his minor daughter (collectively,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jeffrey Vincent Brown, United States District Judge for the Southern District of Texas, sitting by designation.

"Petitioners"),[1] natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to terminate removal proceedings and dismissing their appeal from the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Where, as here, the BIA adopts the IJ's reasoning and supplements it with its own analysis, we review both decisions. *See Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We review legal questions de novo and review a denial of a motion to terminate for abuse of discretion. *See Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020).

1. The BIA did not abuse its discretion in denying Petitioners' motion to terminate removal proceedings. *See Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). Petitioners sought termination on four grounds: (1) Petitioner's intent to pursue adjustment of status as the unmarried son of a lawful permanent resident; (2) his intent to apply for a U nonimmigrant visa; (3) alleged defects in the Notices to Appear ("NTAs"); and (4) failure to provide a list of free legal services with the NTAs.

Petitioner failed to establish prima facie eligibility for adjustment of status.

---

[1] References to "Petitioner" in the singular refer to the adult male petitioner.

*See* 8 C.F.R. § 1003.1(m)(1)(ii)(B). He asserted that he would qualify through an I-130 visa petition to be filed by his mother. Notwithstanding, an I-130 petition has not been filed, and Petitioner remains married. Because adjustment under this category requires an approved visa petition and qualifying status, he is not currently eligible for adjustment. Eligibility contingent on future filing, approval, and marital changes does not establish prima facie eligibility. *Agyeman v. I.N.S.*, 296 F.3d 871, 879 n. 2 (9th Cir. 2002) ("The *approved* I-130 provides prima facie evidence that the alien is eligible for adjustment as an immediate relative of a United States citizen . . . .") (citation omitted) (emphasis added).

Similarly, Petitioner asserted that he was eligible to seek a U visa based on being a victim of assault with a deadly weapon. But no U-visa petition has been filed. His asserted eligibility therefore rests on speculative future approval and does not warrant termination.

Petitioners' challenge to the NTAs' lack of date and time information was untimely. *See* 8 U.S.C. § 1229(a). An objection to a noncompliant NTA is generally timely only if raised before the close of pleadings before the IJ. *Matter of Fernandes*, 28 I. & N. Dec. 605, 610–11 (BIA 2022). Because § 1229 is not jurisdictional, objections may be forfeited if not timely raised. *Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th Cir. 2019); *Eberhart v. United States*, 546 U.S. 12, 15 (2005). Petitioners raised their objection nearly six years after the agency entered a final

3                                                                25-2008

order.  The BIA did not err in concluding that the objection was forfeited.

The BIA also properly rejected Petitioner's argument that he was not provided with a list of free legal services providers.  Petitioner was represented by counsel throughout the proceedings and does not explain how the alleged omission affected the outcome.  *See Rodriguez-Jimenez v. Garland*, 20 F.4th 434, 440 (9th Cir. 2021) (noting that for any due process claims "we will not simply presume prejudice").  The BIA did not abuse its discretion in rejecting this claim.[2]

2. Substantial evidence supports the BIA's denial of asylum and withholding of removal because Petitioner failed to establish any nexus between the feared persecution and his proposed PSG.  Petitioner proposed "vulnerable family units" and "small business owners" as his PSGs before the IJ.  The record reflects a single incident in which three masked men threatened Petitioner for money.  There is no evidence, however, that the men targeted him because of membership in either proposed group.  A desire to be free from crime or extortion, without more, does not establish nexus to a protected ground.  *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Because Petitioner failed to establish *any* nexus for asylum, he necessarily

---

[2] Petitioners' argument that the requirements under 8 U.S.C. § 1229(a)(1) are mandatory is unexhausted, as it was not raised to the BIA.  Because the Government asserts non-exhaustion, we may not consider this argument.  *See Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (holding that a court must enforce an exhaustion argument if a party properly raises it).

failed to meet the standard for withholding of removal. See *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

Substantial evidence also supports the denial of CAT protection. The record does not show past torture or that Petitioner faces a particularized risk of torture upon return. Generalized evidence of violence or governmental corruption in Guatemala is insufficient to establish eligibility for CAT relief. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("Petitioners' generalized evidence of violence and crime . . . is *not particular to Petitioners* and is insufficient [for protection under the CAT]." (emphasis added)).

**PETITION DENIED.**[3]

---

[3] Petitioner's motion to stay removal (Dkt. No. 6) is **DENIED**.